FILED
APR - 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darryl Kinney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00482 Jury Demand |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 4/3/2015 |
| Department of Justice *et. al.*, ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a resident currently of Atlanta, Georgia. *See* Mot. to File from P.O. Box. He sues the Department of Justice and the Department of Defense for monetary damages and injunctive relief. The prolix complaint consists of sundry allegations and is difficult to follow. Plaintiff states in the beginning of the complaint that "although [this case] started as a civil case[,] [it] is now also criminal and all damages that the Plaintiff ask, is for his Civil Rights and Privacy and all Human Rights to be restored as for his family members as well." Compl. at 1. Plaintiff's list of purported claims includes: Mental Anguish and Distress; Employment Retaliation and Discrimination and Wrongful Termination; Illegal Court and Administrative Interference and Disruption; Invasion of Privacy; Conspiracy to Commit, Remedies against Government in Tort Lawsuits for Retaliation and Discrimination as well as Stalking and Illegal Court actions; and Defamation of Character. Compl. at 2-3 (page numbers supplied).

As this Court found in dismissing plaintiff's similarly pled cases under Rule 8, "[w]holly absent from the complaint is any statement showing that the plaintiff is entitled to a judgment in his favor or any form of relief." *Kinney v. Dep't of Justice*, No. 14-2098, 2014 WL 7140574, at *1 (Dec. 12, 2014); *Kinney v. Dep't of Justice*, No. 14-1517, 2014 WL 4401324, at *1 (D.D.C. Sept. 4, 2014). Moreover, in affirming a Rule 8 dismissal of one of plaintiff's prior complaints filed in Kansas, the Tenth Circuit Court of Appeals lists other cases where plaintiff has "attempt[ed] to state causes of action for employment discrimination, stalking, invasion of privacy, defamation, and violations of the Privacy Act" in Georgia, Illinois, Virginia, Wisconsin and twice in Kansas, and it adds that the allegations "border on fanciful." *Kinney v. Dep't of Justice*, 505 Fed.Appx. 811, n.1 (10th Cir. 2012).

The instant complaint is no different from plaintiff's prior actions and, thus, compels the same result. Because plaintiff's litigation history indicates that he is either unwilling or unable to

cure the pleading deficiency, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

/s/ Amit Mehta
United States District Judge

Date: April 2, 2015